IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| ROY LEGER | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. _____ |
| | § | |
| RIVERS EDGE TREESTANDS, INC. | § | JURY REQUESTED |
| | § | |
| *Defendant.* | § | |

## INDEX OF DOCUMENTS FILED

1. Notice of Removal with the following attachments

    a. State Court Docket Sheet
    b. Plaintiff's Original Petition
    c. Citation Served on Rivers Edge Treestands, Inc.
    e. Defendant's Rivers Edge Treestands, Inc. Original Answer

2. Civil Cover Sheet

3. Notice to District Clerk of Filing of Notice of Removal

4. Index of Attorneys

5. Index of Parties

6. Index of Documents Filed

PAGE OF 1
E-FILE: 4/16/13 TO CURRENT

# CIVIL DOCKET, DISTRICT COURT

CASE NO. E-0194248-

| NUMBER OF CASE | NAMES OF PARTIES | ATTORNEYS | KIND OF ACTION | DATE OF FILING |
|---|---|---|---|---|
| E-0194248- | LEGER, ROY VS RIVERS EDGE TREESTANDS INC | YEATES, TOMMY LEE PLFT<br>MOYE, WILLIAM R DEFT | PERSONAL INJURY | 4/15/2013 |
| | | | DISPOSITION DATE | JURY FEE / DATE |

| DATE OF ORDERS | ORDERS OF THE COURT | PROCESS |
|---|---|---|

I CERTIFY THIS AS A TRUE COPY
Witness my Hand and Seal of Office
MAY 17 2013
LOLITA RAMOS, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
BY _____ DEPUTY

Jefferson County District Court
***EFILED***
File & ServeXpress
Transaction ID: 52032390
Date: Apr 15 2013 04:35PM
Lolita Ramos, Clerk

CAUSE NO. E194248

| | | |
|---|---|---|
| ROY LEGER | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | JEFFERSON COUNTY, TEXAS |
| | § | |
| RIVERS EDGE TREESTANDS, INC. | § | 172nd JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, ROY LEGER, hereinafter referred to as Plaintiff, complaining of and against RIVERS EDGE TREESTANDS, INC., hereinafter referred to as "Defendant," and for cause of action would respectfully show unto the Court the following:

I.

Plaintiff, ROY LEGER, asserts that discovery should be conducted in accordance with a tailored discovery control plan pursuant to Texas Rule of Civil Procedure 190.4.

II.

Plaintiff, ROY LEGER, is a resident citizen of Hamshire, Jefferson County, Texas. The Defendant, RIVERS EDGE TREESTANDS, INC., is a Wisconsin corporation with principal offices in Cumberland, Barron County, Wisconsin. This Court has jurisdiction over Defendant, RIVERS EDGE TREESTANDS, INC., because the Defendant has purposefully availed itself of the privilege of conducting business in the State of Texas and has established minimum contacts sufficient to confer jurisdiction over the Defendant. The assumption of jurisdiction over RIVERS EDGE TREESTANDS, INC., will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process. Plaintiff would show that Defendant, RIVERS EDGE TREESTANDS, INC., has continuous and systematic contacts with the State of

Texas sufficient to establish general jurisdiction over the Defendant. Plaintiff would also show that thise cause of action arose from or relates to the contacts of Defendant, RIVERS EDGE TREESTANDS, INC., to the State of Texas, thereby conferring specific jurisdiction with respect to the Defendant. Furthermore, Plaintiff would show that Defendant, RIVERS EDGE TREESTANDS, INC., engaged in activities constituting business in the State of Texas as provided by Section 17.042 of the Texas Civil Practice and Remedies Code, in that the Defendant committed a tort in whole or in part in Texas.

The Plaintiff would show that pursuant to §17.044(b) of the Texas Civil Practice and Remedies Code, the Defendant has designated the Texas Secretary of State as an agent for service of process. Plaintiff alleges that the Defendant is a non-resident who engages in business in this state, but does not maintain a regular place of business in this state or a designated agent for service of process. Defendant may be served with process by serving the Texas Secretary of State with duplicate copies of process; the Secretary of State may mail a copy of the process, via registered mail or by certified mail, return receipt requested, to Defendant, RIVERS EDGE TREESTANDS, INC., at the following address: 1690 Elm Street, Cumberland, Barron County, Wisconsin 54829.

III.

Plaintiff alleges that venue is proper in Jefferson County, Texas, in that the incident made the basis of this claim occurred in Jefferson County, Texas. In addition, Plaintiff alleges that the product or instrumentality which caused Plaintiff's injuries was purchased by Plaintiff in Beaumont, Jefferson County, Texas.

IV.

Plaintiff, ROY LEGER, purchased a one-man ladder stand, known as the "Rivers Edge Treestand Outpost Edition 17 Foot Jumbo Jack™," Model No.RE628G, from Gander

Mountain No. 407, 5855 Eastex Freeway, Beaumont, Jefferson County, Texas 77706. Plaintiff alleges that on or about March 15, 2013, Plaintiff, with the aid of his son, and with the use of the Defendant's Operator's Manual, assembled the stand. Plaintiff alleges that he climbed onto the stand. The stand malfunctioned, causing Plaintiff to fall. Specifically, Plaintiff alleges that a component part of the "Weldment tree blade ladder" was not properly welded.

V.

Plaintiff brings a cause of action against the Defendant, RIVERS EDGE TREESTANDS, INC., for negligence. Plaintiff alleges that the Defendant's actions and/or inactions constitute negligence in the following respects, without limitation:

1. In failing to properly weld the Weldment tree blade ladder;
2. In failing to properly inspect the weld; and,
3. In committing other acts and/or omissions of negligence to be specified at the time of trial.

Plaintiff alleges that such negligence was the proximate cause of personal injuries to the Plaintiff, as is more specifically described hereinbelow.

VI.

Plaintiff invokes the doctrine of strict tort liability, as that term is understood and applied under applicable Texas law.

VII.

At all material times herein, the Defendant, RIVERS EDGE TREESTANDS, INC., was engaged in the business of manufacturing, fabricating, designing, assembling, distributing, selling, inspecting, servicing, repairing, marketing, warranting, and modifying

the stand made the basis of this claim. The Defendant, RIVERS EDGE TREESTANDS, INC., placed the stand into the stream of commerce by selling or otherwise distributing the product to suppliers for monetary consideration.

VIII.

The Plaintiff was injured by using the stand in the manner intended and foreseen by the Defendant. The stand was defective in that a component part, specifically the "Weldment tree blade ladder," was not properly welded to the specifications of the Defendant, which rendered the stand unreasonably dangerous to the Plaintiff. Plaintiff alleges that same constitutes a manufacturing defect which was a producing cause of damages to the Plaintiff, as is more specifically described hereinbelow.

IX.

The Defendant, RIVERS EDGE TREESTANDS, INC., expressly and/or impliedly warranted to the public generally, including the Plaintiff, that the stand was of merchantable quality and was safe and fit for the purposes intended when used under ordinary conditions and in an ordinary manner. Defendant, RIVERS EDGE TREESTANDS, INC., breached such warranties by selling the stand when it was not safe and not fit for the purpose for which it was intended. The Plaintiff relied on these express and/or implied warranties, and suffered injuries as a result of the breach of such warranties. These breaches of warranty, among others, were a producing cause of the incident and the resulting injuries to Plaintiff.

X.

As a direct and proximate result of the negligence and strict tort liability violations of the Defendant, RIVERS EDGE TREESTANDS, INC., Plaintiff, ROY LEGER, sustained serious and disabling injuries. The Plaintiff has suffered physical pain and suffering, mental anguish, physical impairment, and loss of household services in the past, and in

4

all probability will be forced to endure in the future, physical pain and suffering, mental anguish, physical impairment, and loss of household services for which amount Plaintiff now sues, both past and future.

XI.

Plaintiff has incurred medical expenses for reasonable and necessary medical care and treatment in the past, and in all probability will continue to incur medical expenses in connection with his injuries for an undetermined length of time in the future, if not for the duration of Plaintiff's natural life. Accordingly, Plaintiff sues for both past and future medical expenses.

XII.

Plaintiff has suffered a loss of wages and loss of wage earning capacity in the past, and will continue to suffer such a loss for an undetermined length of time into the future, if not for the balance of his natural life, for which amounts Plaintiff now sues.

XIII.

Plaintiff seeks monetary damages in the range prescribed by Rule 47(c)(4) of the Texas Rules of Civil Procedure.

XIV.

Plaintiff alleges that he is entitled to both pre-judgment and post-judgment interest thereon at the highest legal rate allowed by law.

XV.

Plaintiff alleges that all conditions precedent to the maintenance of this action have been met or satisfied.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendant be cited to appear and answer herein as the law directs, and upon final trial hereof, that Plaintiff have judgment of and from the Defendant, as hereinabove set out and as the evidence may show proper at the time of trial, together with both pre-judgment and post-judgment interest thereon at the highest legal rate, costs of court, and for such other and further relief, both at law or in equity, to which Plaintiff may be justly entitled to receive.

Respectfully submitted,

**MOORE, LANDREY, L.L.P.**
390 Park Street, Suite 500
Beaumont, Texas 77701
Telephone: (409) 835-3891
Facsimile: (409) 835-2707

Tommy L. Yeates
Texas Bar Association No. 22151100

ATTORNEYS FOR PLAINTIFF

I CERTIFY THIS AS A TRUE COPY
Witness my Hand and Seal of Office

MAY 1 7 2013

LOLITA RAMOS, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
BY_____DEPUTY

6

CITATION


C0194248---00002

# THE STATE OF TEXAS

## No. E-0194248

### ROY LEGER
### VS. RIVERS EDGE TREESTANDS INC

## CITATION

### 172nd JUDICIAL DISTRICT COURT
### of JEFFERSON COUNTY, TEXAS

To: RIVERS EDGE TREESTANDS INC
BY SERVING TEXAS SECRETARY OF STATE
FORWARD TO

by serving at:
1690 ELM STREET

CUMBERLAND BARRON COUNTY, WI   54829

DEFENDANT:

NOTICE:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Said answer may be filed by mailing same to: District Clerk's Office, 1001 Pearl St., 2nd floor, Beaumont, TX 77701, (or if the case is designated as an E-file case, E-file through Lexis Nexis file and serve) or by bringing it to the office. The case is presently pending before the 172nd District Court of Jefferson County, sitting in Beaumont, Texas, and was filed on the 15th day of April, 2013. It bears cause number E-0194248 and is styled:

ROY LEGER     Plaintiff:
VS.
RIVERS EDGE TREESTANDS INC     Defendant:

The name and address of the attorney for plaintiff (or plaintiff if pro se) is:

YEATES, TOMMY LEE, Atty.
390 PARK STREET SUITE 500
BEAUMONT, TX   77701.0

The nature of the demands of said plaintiff is shown by a true and correct copy of Plaintiff's PETITION (PLAINTIFF'S ORIGINAL) ALSO ATTACHED ORDER DESIGNATING ALL CASES EFILE accompanying this citation and made a part thereof.

Issued under my hand and the seal of said court, at Beaumont, Texas, this the 17th day of April, 2013.

LOLITA RAMOS, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

BY *Ada Bewel*     Deputy
Ida

Pd. /$70.00 chk 046841

## RETURN OF SERVICE

E-0194248      172nd JUDICIAL DISTRICT COURT
ROY LEGER
RIVERS EDGE TREESTANDS INC
Executed when copy was delivered:
This is a true copy of the original citation, was delivered to defendant _____, on the _____ day of _____, 20____.

                         _____, Officer
                         _____, County, Texas
                         By: _____, Deputy

**ADDRESS FOR SERVICE:**
RIVERS EDGE TREESTANDS INC
BY SERVING TEXAS SECRETARY OF STATE

CUMBERLAND BARRON COUNTY, WI 54829 0000

### OFFICER'S RETURN

Came to hand on the _____ day of _____, 20____, at _____, o'clock ___.m., and executed in _____, County, Texas by delivering to each of the within named defendants in person, a true copy of this Citation with the date of delivery endorsed thereon, together with the accompanying copy of the Citation at the following times and places, to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|---|---|---|
| | | |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being: _____

and the cause or failure to execute this process is: _____

and the information received as to the whereabouts of said defendant(s) being: _____

**FEES:**
Serving Petition and Copy  $_____
Total                       $_____

                         *Carlos B. Lopez*
                         *Constable Pct. 5, Travis County, Texas*, Officer
                         _____, County, Texas

                         By: _____, Deputy

                         _____
                         Affiant

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107: The officer of authorized person who serves, or attempts to serve, a citation shall sign and return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:
"My name is _____, my date of birth is _____, and my address is
            (First, Middle, Last)

_____.
(Street, City, Zip)
I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.

Executed in _____, County, State of _____, on the _____ day of _____.

                         _____
                         Declarant/Authorized Process Server

                         _____
                         (Id # expiration of certification)

Cause No.: E0194248 {} In the 172nd District Court
{} JEFFERSON County
Plaintiff: {}
ROY LEGER

Defendant:
RIVERS EDGE TREESTANDS INC

Officer's Return

Came to hand April 26, 2013 at 1:03 P.M. and executed in Travis County, Texas, on April 30, 2013 at 3:39 P.M. by delivering to RIVERS EDGE TREESTANDS INC by delivering to John Steen, Secretary of State of the State of Texas, at 1019 Brazos Street, Austin, Texas, 78701, by delivering to MICHAEL ORTA, designated agent for service for the Secretary of State, duplicate true copies of the citation together with accompanying duplicate true copies of the Plaintiff's ORIGINAL petition ALSO ATTACHED ORDER DESIGNATING ALL CASES EFILE.

Carlos B. Lopez,
Travis County Constable Precinct 5
Travis County, Texas

by:_____
Miracle Mount, Deputy

'13 MAY 13 P1 :32
FILED DISTRICT COURT OF JEFFERSON CO TEXAS

I CERTIFY THIS AS A TRUE COPY
Witness my Hand and Seal of Office

MAY 1 7 2013

LOLITA RAMOS, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
BY_____ DEPUTY



Case 1:13-cv-00326-RC-ZJH Document 1-5 Filed 05/22/13 Page 12 of 15 PageID #: 22

Jefferson County District Court
\*\*\*EFILED\*\*\*
File & ServeXpress
Transaction ID: 52292866
Date: May 15 2013 11:25AM
Lolita Ramos, Clerk

CAUSE NO. E194248

| | | |
|---|---|---|
| ROY LEGER | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | JEFFERSON COUNTY, TEXAS |
| | § | |
| RIVERS EDGE TREESTANDS, INC. | § | |
| | § | |
| *Defendants.* | § | 172ND JUDICIAL DISTRICT |

**DEFENDANT RIVERS EDGE TREESTANDS, INC.'S ORIGINAL ANSWER and JURY DEMAND**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW RIVERS EDGE TREESTANDS, INC. ("Defendant"), Defendant in the above entitled and numbered cause, and files this Original Answer and Jury Demand, and would show the Court as follows:

I. GENERAL DENIAL

1.1 Defendant invokes the provisions of Texas Rule of Civil Procedure 92, and does hereby exercise their legal right to require Plaintiff to prove all of the allegations contained in his pleading, if Plaintiff can so prove them, which is denied. Accordingly, Defendant denies generally the allegations of Plaintiff's pleading and demands strict proof thereof by a preponderance of the evidence.

II. ADDITIONAL DEFENSES

2.1 For further answer, if such be necessary, Defendant alleges that Plaintiff's claims for damages may be barred in whole or in part, whether under the doctrine of comparative responsibility or failure to mitigate damages, by the acts or omissions of Plaintiff.

2.2  For further answer, if such be necessary, Defendant requests that in accordance with Texas Civil Practices and Remedies Code §33.003 the jury determine the percentage of responsibility for causing in any way the harm for which recovery of damages is sought of each Claimant, each settling person, and each Responsible Third Party. *See* TEX. CIV. PRAC. & REM. CODE §33.001 *et seq.*

2.3  For further answer, if such be necessary, Defendant alleges that Plaintiff may not recover any amount of damages if Plaintiff's percentage of responsibility is greater than fifty percent (50%), regardless of the theory of recovery pleaded. TEX. CIV. PRAC. & REM. CODE § 33.001 *et seq.*

2.4  For further answer, if such be necessary, Defendant alleges that in accordance with Texas Civil Practices & Remedies Code Section 33.013, Defendant may not be held jointly and severally liable for any amount of damages claimed herein unless its percentage of responsibility, individually, when compared with that of each responsible party, each settling person, and each responsible third party, is greater than fifty percent (50%).

2.5  For further answer, if such be necessary, Defendant asserts the damages limitations contained within Chapter 41 of the Texas Civil Practice & Remedies Code.

2.6  For further answer, if such be necessary, Defendant alleges that Plaintiff's damages, if any, were caused by some third party over whom Defendant exercises no control.

2.7  For further answer, if such be necessary, Defendant asserts the requisite provisions of Chapter 82 of the Texas Civil Practice & Remedies Code.

### III.  JURY DEMAND

3.1  Defendant hereby makes a demand for a trial by jury.

## IV. PRAYER

4.1     Defendant prays that Plaintiff take nothing by this suit, that Defendant has judgment for its costs in this proceeding, and that the Court grant Defendant all such further relief, both general or special, in law or equity, to which it may show itself to be justly entitled.

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.

By: _____
WILLIAM T. LIVINGSTON
State Bar No. 24027553
ANDREW J. MCCLUGGAGE
State Bar No. 24065708
One Riverway, Suite 1600
Houston, Texas 77056
(713) 403-8210; Fax: (713) 403-8299

**ATTORNEYS FOR RIVERS EDGE TREESTANDS, INC.**

- 3 -

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been sent to all known counsel of record and/or parties of record at the addresses listed below pursuant to the Texas Rules of Civil Procedure on the 15th day of May, 2013.

**Via Facsimile: (409) 835-2707**
Tommy L. Yeates
MOORE, LANDREY, L.L.P.
390 Park Street, Suite 500
Beaumont, Texas 77701
*Attorney for Plaintiff*

_____
WILLIAM R. MOYE
ANDREW J. MCCLUGGAGE

I CERTIFY THIS AS A TRUE COPY
Witness my Hand and Seal of Office

MAY 1 7 2013

LOLITA RAMOS, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
BY _____ DEPUTY