IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| **ROY LEGER** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 1:13-cv-00326** |
| | § | |
| **RIVERS EDGE TREESTANDS, INC.** | § | |

**PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, ROY LEGER, Plaintiff herein, complaining of and against RIVERS EDGE TREESTANDS, INC., and TAIZHOU JANWILL INTERNATIONAL, INC., hereinafter referred to collectively as "Defendants," and for cause of action would respectfully show unto the Court the following:

**JURISDICTION AND VENUE**

1. This action was originally filed by the Plaintiff in the 172nd Judicial District Court, Jefferson County, Texas, Cause No. E-194,248. This action was removed by the Defendant, RIVERS EDGE TREESTANDS, INC., on May 22, 2013.

2. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332.

3. Venue is proper in the Eastern District of Texas, Beaumont Division, in that the cause of action occurred and the claim arose in this district as is more specifically described hereinbelow.

**PARTIES**

4. Plaintiff, ROY LEGER, is a resident citizen of Hamshire, Jefferson County, Texas.

5. Defendant, RIVERS EDGE TREESTANDS, INC., is a Wisconsin corporation with principal offices in Cumberland, Barron County, Wisconsin. The Defendant has previously made an appearance herein and is properly before the Court.

6. Defendant, RIVERS EDGE TREESTANDS, INC., has recently provided to Plaintiff its initial disclosure responses and named TAIZHOU JANWILL INTERNATIONAL, INC., as the manufacturer of the product made the basis of this claim, and as a potential party to this action. Plaintiff seeks service of process upon the Defendant, TAIZHOU JANWILL INTERNATIONAL, INC., pursuant to the Hague Convention, Rule 4(f)(1), Federal Rules of Civil Procedure, and under the terms and provisions of 28 USCS § 1608. The Defendant is a foreign corporation located in China. China is a member of the Hague Convention. Defendant, TAIZHOU JANWILL INTERNATIONAL, INC., may be served with process of this claim by service upon any owner or manager at 288 Yong Ding Xi Lu, Taizhou Economic Development Zone, Taizhou, Jiangsu, China.

This Court has jurisdiction over the Defendant, TAIZHOU JANWILL INTERNATIONAL, INC., because the Defendant has purposely availed itself of the privilege of conducting business in the United States, and in more particularly, the state of Texas. This Federal Court and the state of Texas have established minimal contacts sufficient to confer jurisdiction over the Defendant. The assumption of jurisdiction over the Defendant, TAIZHOU JANWILL INTERNATIONAL, INC., will not offend traditional motions of fair play and substantial justice and is consistent with the constitutional requirements of due process. Plaintiff would show that the Defendant, TAIZHOU JANWILL INTERNATIONAL, INC., has continuous and systematic contact with the state of Texas sufficient to establish general jurisdiction over the Defendant. Plaintiff would also show that this cause of action arose from or relates to the contacts of Defendant, TAIZHOU

JANWILL INTERNATIONAL, INC., to the State of Texas, thereby conferring specific jurisdiction with respect to the Defendant.  Furthermore, Plaintiff would show that Defendant, TAIZHOU JANWILL INTERNATIONAL, INC., engaged in activities constituting business in the State of Texas as provided by Section 17.042 of the Texas Civil Practice and Remedies Code, in that the Defendant committed a tort in whole or in part in Texas.

## FACTS

7. Plaintiff, ROY LEGER, purchased a one-man ladder stand, known as the "Rivers Edge Treestand Outpost Edition 17 Foot Jumbo Jack™," Model No.RE628G, from Gander Mountain No. 407, 5855 Eastex Freeway, Beaumont, Jefferson County, Texas 77706.

8. Plaintiff alleges that on or about March 15, 2013, Plaintiff, with the aid of his son, and with the use of the Defendant RIVERS EDGE TREESTANDS, INC.'s Operator's Manual, assembled the stand.  After the assembly of same, Plaintiff alleges that he climbed onto the stand.  The stand malfunctioned, causing Plaintiff to fall.  Specifically, Plaintiff alleges that a component part of the stand, the "Weldment tree blade ladder," was not welded or otherwise was not correctly welded, which was the proximate and/or producing cause of Plaintiff's fall and damages.

## COUNT 1:  NEGLIGENCE

9. Plaintiff reasserts and re-alleges the allegations set forth above.

10. The Defendants either together or individually manufactured, distributed, or marketed the product made the basis of this claim.  Plaintiff brings a cause of action against the Defendants for negligence.  Plaintiff alleges that the Defendants' actions or inactions constitute negligence in the following respects, without limitation:

    1. In failing to properly weld a component part;

3

2. In failing to properly inspect the weld;

3. That Defendant, RIVERS EDGE TREESTANDS, INC., negligently represented that it was the manufacturer of the product made the basis of this claim in its Operator's Manual, when allegedly the product was manufactured by a Chinese company;

4. Defendant, RIVERS EDGE TREESTANDS, INC., failed to inform the purchasing public, including the Plaintiff, that the product in question was manufactured in China;

5. Defendant, RIVERS EDGE TREESTANDS, INC., negligently represented that it was a member of the "TMA," the Treestand Manufacturers' Association, when allegedly the Defendant, RIVERS EDGE TREESTANDS, INC., is now representing that it did not manufacturer the product;

6. In representing that the product in question had met certain welding standards and inspection standards; and,

7. In committing other acts and/or omissions of negligence to be specified at the time of trial.

Plaintiff alleges that such negligence was the proximate cause of personal injuries to the Plaintiff, as is more specifically described hereinbelow.

## COUNT 2: STRICT TORT LIABILITY

11. At all material times herein, the Defendants, RIVERS EDGE TREESTANDS, INC., and TAIZHOU JANWILL INTERNATIONAL, INC., were engaged in the business of manufacturing, fabricating, designing, assembling, distributing, selling, inspecting, servicing, repairing, marketing, warranting, and modifying the stand made the basis of this claim. The Defendants, RIVERS EDGE TREESTANDS, INC., and TAIZHOU JANWILL INTERNATIONAL, INC., placed the stand into the stream of commerce by selling or otherwise distributing the product to suppliers for monetary consideration. After placing the product into the stream of commerce, the product was not changed, modified, or altered.

4

It was sold to the Plaintiff in the same condition as it existed when it left the control of the Defendants.

12. The Plaintiff was injured by using the stand in the manner intended and foreseen by the Defendants. The stand was defective in that a component part, specifically the "Weldment tree blade ladder," was not properly welded to the specifications of the Defendants, which rendered the stand unreasonably dangerous to the Plaintiff. Plaintiff alleges that same constitutes a manufacturing defect which was a producing cause of damages to the Plaintiff, as is more specifically described hereinbelow.

13. The Defendants, RIVERS EDGE TREESTANDS, INC., and TAIZHOU JANWILL INTERNATIONAL, INC., expressly and/or impliedly warranted to the public generally, including the Plaintiff, that the stand was of merchantable quality and was safe and fit for the purposes intended when used under ordinary conditions and in an ordinary manner. Defendants, RIVERS EDGE TREESTANDS, INC., and TAIZHOU JANWILL INTERNATIONAL, INC., breached such warranties by selling the stand when it was not safe and not fit for the purpose for which it was intended. The Plaintiff relied on these express and/or implied warranties, and suffered injuries as a result of the breach of such warranties. These breaches of warranty, among others, were a producing cause of the incident and the resulting injuries to Plaintiff.

14. Plaintiff alleges that the Defendant, RIVERS EDGE TREESTANDS, INC., also marketed the product made the basis of this claim which was a producing cause of damages to the Plaintiff, as is more specifically described hereinbelow. In this connection, Plaintiff incorporates all allegations made in Paragraph 10 hereinabove. Plaintiff alleges that the Defendant, RIVERS EDGE TREESTANDS, INC., represented that it was the manufacturer of the product in question; represented that the product met certain welding

standards and other manufacturing standards; failed to represent to Plaintiff, and other similarly situated, that the treestand was manufactured in China; and, failed to warn Plaintiff that the treestand in question was not properly welded or met various treestand manufacturing and/or welding standards, all of which were a producing cause of damages to the Plaintiff.

## DAMAGES

15. As a direct and proximate result of the negligence and strict tort liability violations of the Defendants, RIVERS EDGE TREESTANDS, INC., and TAIZHOU JANWILL INTERNATIONAL, INC., Plaintiff, ROY LEGER, sustained serious and disabling injuries. The Plaintiff has suffered physical pain and suffering, mental anguish, physical impairment, and loss of household services in the past, and in all probability will be forced to endure in the future, physical pain and suffering, mental anguish, physical impairment, and loss of household services for which amount Plaintiff now sues, both past and future.

16. Plaintiff has incurred medical expenses for reasonable and necessary medical care and treatment in the past, and in all probability will continue to incur medical expenses in connection with his injuries for an undetermined length of time in the future, if not for the duration of Plaintiff's natural life. Accordingly, Plaintiff sues for both past and future medical expenses.

17. Plaintiff has suffered a loss of wages and loss of wage earning capacity in the past, and will continue to suffer such a loss for an undetermined length of time into the future, if not for the balance of his natural life, for which amounts Plaintiff now sues.

18. Plaintiff seeks monetary damages in an amount in excess of the jurisdictional requirements of this Court.

19. Plaintiff alleges that he is entitled to both pre-judgment and post-judgment interest thereon at the highest legal rate allowed by law.

20. Plaintiff alleges that all conditions precedent to the maintenance of this action have been met or satisfied.

## PRAYER

21. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendant TAIZHOU JANWILL INTERNATIONAL, INC., be cited to appear and answer herein as the law directs, and upon final trial hereof, that Plaintiff have judgment of and from the Defendants, as hereinabove set out and as the evidence may show proper at the time of trial, together with both pre-judgment and post-judgment interest thereon at the highest legal rate, costs of court, and for such other and further relief, both at law or in equity, to which Plaintiff may be justly entitled to receive.

Respectfully submitted,

**MOORE, LANDREY, L.L.P.**
390 Park Street, Suite 500
Beaumont, Texas  77701
Telephone: (409) 835-3891
Facsimile:  (409) 835-2707

/s/ Tommy L. Yeates
Tommy L. Yeates
Texas Bar Association No. 22151100

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this instrument has been served upon all counsel of record in this cause and all other parties entitled to same in accordance with the Federal Rules of Civil Procedure on this 15th day of August, 2013.

/s/ Tommy L. Yeates
Tommy L. Yeates